WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—March, 1888.

### SMITH *v.* COUP.

*In the matter of the estate of* ISAAC B. SMITH, *deceased.*

A Surrogate's court will deny a petition asking for a sale of all of a dece-

dent's real property for the payment of debts, where any portion of that property is, by the will, expressly charged therewith.

The executrix of decedent's will having presented a petition, under Code Civ. Pro., § 2749, praying for a decree directing the disposition of the real property for the payment of debts, it appeared that the disposing portion of the will commenced as follows: "After all my just debts are paid;" and then devised all of decedent's real property in sucessive clauses, to designated persons.—

*Held*, that the real property was "devised, expressly charged with the payment of debts" (Code, *ubi supra*), and that the court was, by the statute deprived of jurisdiction to entertain the application.

The judicial rule governing the order of application of a decedent's assets, to the payment of debts—declared.

Matter of Rosenfield, 5 *Dem.*, 251; Matter of Fox, 52 *N. Y.*, 530—followed.

In January, 1887, the will of Isaac B. Smith, late of Yonkers, was admitted to probate. The first disposing part of the will commenced as follows: "After all my just debts are paid;" he then devised certain specific real estate to his daughter, Nellie R. Smith, "subject, however, to the condition that she do fully pay and discharge all my funeral expenses, and also pay to my daughter, Kate A. Coup, the sum of fifty (50) dollars, all such payments to be made within sixty days after my decease." He next devised to his wife, Sarah C. Smith, for life or widowhood, certain other specific real estate, with remainder to Mrs. Coup. He then devised and bequeathed the residue of his estate, real and personal, to his said wife absolutely, which provisions for his wife were declared to be in lieu of dower.

Recently, the executrix filed a petition, with a view to the sale of all of the lands devised, for the payment of the testator's debts, in which it was alleged that there was not sufficient personal estate to pay the same, and that they were not a lien or charge upon

the real estate. The contestant, however, claimed that the real estate is, by the terms of the will, charged with the payment thereof.

R. E. PRIME, *for petitioner.*

JAMES M. HUNT, *for contestant.*

THE SURROGATE.—Of course, if the debts be a charge upon the real estate of the testator, this court has no jurisdiction to order a sale for their payment. That duty will devolve upon another court. The general rule is, that a deceased person's estate is to be applied to the payment of his debts, in the following order : 1st. The general personal estate ; 2d. Estates specifically devised for the payment of debts ; 3d. Estates descended ; 4th. Estates specifically devised, though charged generally with the payment of debts. And it requires express words, or the clear intent of the testator, to disturb this order (Livingston v. Newkirk, 3 *Johns. Ch.*, 312 ; Livingston v. Livingston, *id.*, 148).

But the personal estate must be first resorted to, even where the real estate is so charged ; and even where the testator gives his personal estate, he is supposed to give it subject to the payment of his debts, that being the first fund available for the purpose ; and when he charges his real estate with the payment of his debts, he is supposed so to charge it with the payment of such debts as may remain after his personal estate is exhausted. There is, however, nothing in the will, in this case, to show that the testator intended to exonerate the personal estate from such payment.

It is immaterial to inquire here, whether the charge of the debts upon the realty, if there be such charge, is upon specific portions, or upon the whole, as the fact that they are charged upon any portion of it, will deprive this court of jurisdiction to entertain the application.

There can be no doubt that the testator did charge his debts upon real estate. It has been frequently and uniformly held that the devises, following the words: "After all my debts are paid," clearly indicate an intention to make the lands devised subject to the debts. It is sufficient to cite 2 Jarm. on Wills (5th Am. ed.), 535, 536 ; Matter of will of Fox (52 *N. Y.*, 530) ; Matter of Rosenfield (5 *Dem.*, 251).

Petition dismissed.